# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-40920
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 6, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

NICOLAS ALANIS-SOTO,

Defendant−Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:13-CR-333-1

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Nicolas Alanis-Soto appeals a condition of supervised release ("SR")

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imposed, along with a twenty-seven-month term of imprisonment and three-year term of SR, following his guilty-plea conviction of being unlawfully present in the United States after deportation. *See* 8 U.S.C. § 1326(a), (b)(2). The district court stated at sentencing that, as a special condition of his SR, Alanis-Soto must "not use any name other than [his] true name or true date of birth nor possess any false or fraudulent identification documents."

Alanis-Soto contends that, under the facts, the "true name" condition is not reasonably related to the purposes of SR and is a greater deprivation of liberty than reasonably necessary because it violates his First Amendment right to free speech. Specifically, he asserts that the condition is a content-based restriction not sufficiently narrowly tailored to accommodate his First Amendment rights. Because his position requires an extension of *United States v. Alvarez*, 132 S. Ct. 2537, 2544-47 (2012), rather than a straight-forward application of that case, any error on the part of the district court was not clear or obvious. *See United States v. Vargas-Soto*, 700 F.3d 180, 182 (5th Cir. 2012).

The written judgment did not include the "true name" condition included in the oral sentence. We therefore REFORM the judgment to include the special condition of SR that Alanis-Soto not use any name other than his true name or true date of birth, nor possess any false or fraudulent identification document. *See* 28 U.S.C. § 2106; *United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006). We AFFIRM the judgment as modified. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 369 (5th Cir. 2009).